IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-CV-00447-M-RJ

| | |
|---|---|
| PATRICIA A. SLATTON, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )      ORDER<br>) |
| FRANK BISIGNANO,<br>Commissioner of Social Security, | )<br>)<br>) |
| Defendant. | )<br>) |

This matter comes before the court on Plaintiff's Motion for Approval of Attorney's Fees under 42 U.S.C. § 406(b). DE 25. Defendant takes no position on the motion. Resp. at 1, DE 26. For the reasons that follow, the motion is granted.

Two sources provide awards of attorney's fees to prevailing claimants seeking Social Security benefits. *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 134 (4th Cir. 2009). First, the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." *Id.* (quoting 42 U.S.C.A. § 406(b)(1)(A)). Second, Social Security benefits claimants can receive a fee award under the EAJA, which provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action . . . .

*Id.* (quoting 28 U.S.C. § 2412(d)(1)(A)). While attorney's fees may be awarded under **both** the EAJA and § 406(b), a "Savings Provision" set forth in 28 U.S.C. § 2412 requires that the claimant's attorney must refund to the claimant the smaller fee. *See id.* at 135 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)).

In *Gisbrecht*, the Supreme Court "clarified the legal framework to be used for awarding attorney's fees under § 406(b) for the successful in-court representation of a Social Security benefits claimant who has signed a contingent-fee agreement." *Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005). Courts must "approach [§ 406(b)] fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." *Id.* at 428 (quoting *Gisbrecht*, 535 U.S. at 808). "As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, . . . § 406(b) simply instructs a court to review the agreement for reasonableness." *Id.* The Fourth Circuit has found appropriate the following factors for consideration of the agreement's reasonableness: the time spent and work performed by counsel; the overall complexity of the case; the lawyering skills necessary to handle the case effectively, the risks involved, and the significance of the result achieved in district court. *Id.* The Supreme Court noted that a reduction in the contingent fee may be appropriate when "(1) the fee is out of line with 'the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Id.* (quoting *Gisbrecht*, 535 U.S. at 808).

In this case, Plaintiff was notified in April 2025 of an award of past-due Social Security Disability benefits totaling $92,326.00. Mot. ¶ 2. Plaintiff requests a fee award in the amount of $23,081.50, less the $8,000.00 she received under the EAJA, for a total of $15,081.50.

2

The court finds the requested award to be reasonable. Plaintiff has attached a copy of the contingent fee agreement she executed with her attorney, Laura Beth Waller, which provides for counsel's entitlement to 25% of the past due disability benefits awarded to Plaintiff. Such award is no greater than the statutory ceiling. *See Mudd*, 418 F.3d at 428 (citing *Gisbrecht*, 535 U.S. at 807). In the Notice of Award letter, the SSA informed Plaintiff that it had withheld $23,081.50, from past due benefits to pay approved attorney's fees. DE 25-2 at 6. Thus, the requested fee is in accord with the contingency-fee character of the representation. *See Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) ("Deference should be given . . . to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment.'") (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).

With respect to the results achieved, Ms. Waller asserts that as a result of her efforts, Plaintiff will receive a total of past and future benefits totaling more than $200,000.00. Counsel filed contested briefs, both initial and reply, and convinced the court that remand was necessary; thus, through Ms. Waller's efforts, Plaintiff's case was remanded for further proceedings, ultimately resulting in an award of significant past due benefits. The court perceives no indication of undue delay causing the accumulation of past-due benefits. Furthermore, counsel appears to have handled the case efficiently.

Accordingly, the court GRANTS the Plaintiff's motion [DE 25] as follows. Plaintiff's counsel, Laura Beth Waller, is awarded fees under 42 U.S.C. § 406(b) in the gross amount of $23,081.50 (or 25% of Plaintiff's past-due benefits, whichever is less). Ms. Waller must refund to the Plaintiff the $8,000.00 awarded by the court under the Equal Access Justice Act, 28 U.S.C. § 2412 (*see* Order, DE 23), in partial satisfaction of the § 406(b) award. This leaves a net amount

3

of $15,081.50 due to Ms. Waller.

SO ORDERED this ___17th___ day of September, 2025.

*[signature: Richard E Myers II]*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE